# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| ROSEMARY THOMPSON, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>RURAL KING C, INC., *et al.*, )<br>)<br>  Defendants. ) | Civil Action Number:_____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, defendants Rural King C, Inc. and Rural King Administration, Inc. (collectively "defendants") remove this case from the Circuit Court of Colbert County, Alabama, where it is currently pending as CV-2022-900064-JMH, to the United States District Court for the Northern District of Alabama, Northwestern Division. As grounds for removal, defendants state:

1.  On April 1, 2022, plaintiff Rosemary Thompson ("plaintiff") commenced this action by filing a complaint in the Circuit Court of Colbert County, Alabama. (Ex. A, Compl.).

2.  The complaint names Rural King C, Inc. and Rural King Administration, Inc. as defendants and fictitious defendants A-L purportedly consisting of employees and legal entities of defendants. (Ex. A, Compl., ¶¶ 4–7).

3.      According to the complaint, plaintiff is a resident of Lauderdale County, Alabama. (Ex. A, Compl., ¶ 1). She alleges that defendants are foreign corporations operating in Colbert County, Alabama. (Id. at ¶ 2).

4.      The complaint generally alleges that on April 14, 2020, plaintiff was injured when she tripped, fell, and landed on her knee outside defendants' store located in Muscle Shoals, Alabama. (Ex. A, Compl., ¶ 9). The complaint contains two claims: (1) negligence; and (2) wantonness, both of which are asserted against defendants. (Id. at ¶¶ 13-27). Plaintiff alleges that as a result of defendants' negligence and/or wantonness, she "was caused to suffer severe bodily harm, incurred medical expenses, suffered mental anguish and emotional distress, and was otherwise permanently injured and damaged." (Id. at ¶¶ 16, (Id. at *ad damnum* clauses) 20). Plaintiff seeks an undisclosed amount of compensatory and punitive damages.

5.      Defendants remove this case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(a) which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to

federal court by the defendant."). This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because the matter is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interests and costs. Defendants explain why in more detail below.

6. As this Court knows, for purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state where its principal place of business exists. 28 U.S.C. § 1332(c)(1). Here, plaintiff has correctly alleged that defendants are foreign corporations, as they were both incorporated and have their principal places of business in Illinois. Accordingly, defendants' citizenship (Illinois) is completely diverse from plaintiff's citizenship (Alabama).

7. Based on the rationale and legal standards discussed in Bush v. Winn Dixie, LLC, the claims and damages alleged in plaintiff's complaint also plainly and sufficiently establish that the amount in controversy exceeds $75,000.00. 132 F. Supp. 3d 1317, 1318 (N.D. Ala. 2015) (holding that the nature of damages alleged in plaintiff's complaint was sufficient to put defendant on notice of requisite amount in controversy for removal purposes without specific numeric claim of damages); see also Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotations omitted) ("[I]t may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages."). Smith v. State Farm Fire

& Casualty Co., 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) ("[P]laintiffs…who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more. Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden."); Green v. Wal-Mart Stores East, L.P., 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) ("In her complaint, [plaintiff] alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitles her to punitive damages. Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000.").

8. This Court's analysis of the amount in controversy requirement should begin with the Eleventh Circuit's decision in Roe. More specifically, where, as here, "a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfied the defendant's jurisdictional burden." Roe, 613 F.3d at 1061. Importantly, the court "is not bound by the plaintiff's representations regarding its claim." Id. "Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount

4

in controversy…. Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint…establishes the jurisdictional amount." Id. at 1062 (internal quotations omitted).

9. Significantly, following Roe, district judges in the Northern District of Alabama have held that the amount in controversy threshold is met when a complaint seeks "unspecified damages of various kinds, such as punitive damages and emotional distress," and the plaintiff does not "formally and expressly disclaim any entitlement" to recover more than $74,999.99 and "categorically state[s] that [he or she] will never accept more." Smith, 868 F. Supp. 2d at 1335; see also Hogan v. Mason, 2017 WL 1331052 (N.D. Apr. 11, 2017); Bush, 132 F. Supp. 3d 1317; Seckel v. Travelers Home & Marine Ins. Co., 2013 WL 360421 (N.D. Ala. Jan. 29, 2013); Burns v. Superior Goods, Inc., 2021 WL 512238 (N.D. Ala. Feb. 11, 2021); Green, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014).

10. In this case, plaintiff's complaint does not expressly disclaim entitlement to more than $74,999.99 nor does plaintiff affirmatively decline to accept more. As such, nothing on the face of the complaint places any monetary limit on plaintiff's recovery against defendants. This factor weighs strongly in favor of removability.

11. Additionally, in the complaint, plaintiff seeks compensatory damages for "severe bodily harm," "mental anguish and emotional distress," and permanent

5

injury. (Ex. A, Compl. ¶¶ 16, 20). She also seeks punitive damages, which must be considered when determining the jurisdictional amount in controversy. McDaniel v. Fifth Third Bank, 568 F. Appx. 729 (11th Cir. 2014); Ray v. Perry, 392 F. Appx. 753, 755 (11th Cir. 2010). These factors likewise tilt in favor of removability.

12. In sum, the failure of plaintiff to place a monetary limit on her damages coupled with her allegations of severe and permanent injuries and wanton conduct warranting punitive damages are certainly sufficient to determine that the amount in controversy exceeds the $75,000.00 jurisdictional threshold. See Roe, 613 F.3d at 1061-62 ("Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that the case is removable.") (internal quotations omitted).

13. But in this case, the Court need not rely wholly on the allegations in plaintiff's complaint in determining that the amount in controversy exceeds $75,000.00. "If the amount in controversy is not facially apparent from the complaint, the court looks to the notice of removal and any evidence submitted by the parties 'relevant to the amount in controversy at the time the case was removed.'" Bankhead v. American Suzuki Motor Corp., 529 F. Supp. 2d 1329, 1332 (M.D. Ala. 2008) (quoting Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)). Significantly, when a case is removed within thirty days of service pursuant to 28

U.S.C. § 1446(b), "there is no[] limit [on] the types of evidence that may be used to satisfy the preponderance of the evidence standard." Pretka v. Kolter City Plaza, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Indeed, a removing defendant "may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "their own affidavits, declarations, or other documentation. Id. Based on the allegations in plaintiff's complaint and the evidence submitted by defendants as detailed below, the amount in controversy will more likely than not exceed $75,000.00.

14. Just days after the April 14, 2020 incident, plaintiff spoke with John Duke, a senior claims adjuster for Central Adjustment Company, Inc. ("Central Adjustment"). (Ex. B, Declaration of John Duke, ¶ 2). Central Adjustment investigates accidents that occur at Rural King stores. (Ex. B, Duke Decl., ¶ 3). In their April 28, 2020 telephone conversation, plaintiff informed Mr. Duke that she was transported from the scene by ambulance to a hospital where she was informed that she had fractured two bones in her left leg. (Id. at ¶ 4). She also informed Mr. Duke that she had surgery on April 16, 2020. (Id.). On or about May 5, 2020, plaintiff's attorney contacted Mr. Duke and advised him that plaintiff was still receiving medical treatment and may require a second surgery. (Id. at ¶ 5).

15. Based on plaintiff's own description of her injuries, defendants expect that she will claim compensatory damages for medical treatment including her

transportation to the hospital, her surgery, any other treatment received in the hospital, and follow-up treatment for her injuries. Additionally, based on plaintiff's counsel's statements, defendants expect plaintiff to claim compensatory damages for a second surgery. Clearly, when combined with the request for punitive damages as well as compensatory damages for permanent injury and mental anguish and emotional distress, the amount in controversy undoubtedly exceeds $75,000.00. For all these reasons, the requisite amount in controversy exists in this case.

16. Beyond meeting the substantive requirements for diversity jurisdiction, the procedural requirements are met too. To begin, defendants were served with plaintiff's summons and complaint on April 4, 2022. Accordingly, this notice of removal is timely pursuant to 28 U.S.C. § 1446(b)(3) since it was filed within 30 days of service of process.

17. Additionally, in accordance with 28 U.S.C. § 1446(a), defendants have attached to this notice of removal a true and correct copy of all process, pleadings, and orders which were served upon them while this action was pending in the Circuit Court of Colbert County, Alabama. (Ex. A).

18. Lastly, in accordance with 28 U.S.C. § 1446(d), defendants have promptly provided written notice to all adverse parties of the removal of this case and will file a copy of this notice of removal with the Clerk of the Circuit Court of Colbert County, Alabama. (Ex. C).

19. As demonstrated above, defendants have satisfied all of the requirements for removal prescribed by 28 U.S.C. §§ 1441 and 1446. If any question arises as to the propriety of the removal of this case, defendants respectfully request the opportunity to present a brief and oral argument in further support of this notice of removal.

**WHEREFORE**, defendants respectfully request the Court to accept diversity jurisdiction over this case and to enter such orders as may be appropriate to effect its removal from the Circuit Court of Colbert County, Alabama to the United States District Court for the Northern District of Alabama, Northwestern Division.

*S/C. Gregory Burgess*
C. Gregory Burgess (ASB-1519-R79C)
Andrew M. Townsley (ASB-9815-V38H)

**Attorneys for defendants Rural King C, Inc. and Rural King Administration, Inc.**

**OF COUNSEL:**

**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama 35804
Telephone Number: (256) 535-1100
Facsimile Number: (256) 533-9322
Email: cgb@lanierford.com
         amt@lanierford.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 4th day of May, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

K. RICK ALVIS
**HOLT, MUSSLEMAN,
MORGAN & ALVIS**
216 W. Dr. Hicks Blvd.
Florence, Alabama 35630-6135
Telephone: (256) 766-0503
Facsimile: (256) 766-7690
Email: rick@alvislaw.com

                                                *S/C. Gregory Burgess*
                                                C. Gregory Burgess